IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE:

HARVEY ARTIS, III  CASE NO.: 17-81424-CRJ-13
SSN: xxx-xx-6095

CHAPTER 13

Debtor(s).

## MOTION TO AUTHORIZE HOME MORTGAGE
## LOAN MODIFICATION WITH WELLS FARGO HOME MORTGAGE

COMES NOW the Debtor, HARVEY ARTIS, III, and moves this Honorable Court for authorization to enter into a loan modification agreement with Wells Fargo Bank, N.A. dba Wells Fargo Home Mortgage, and as grounds therefore would show as follows:

1. The Debtor's loan modification agreement proposes to modify the monthly mortgage payment amount from the current payment of $1,059.52 to the post-modification payment amount of $647.40 and an interest rate of 3.50%. A copy of the loan modification agreement is attached hereto as Exhibit "A".

2. The Debtor believes that the loan modification agreement is in his best interest as the mortgage arrears are included in the loan modification and Debtor would request this Court to grant authorization for him to enter into the loan modification agreement on the home mortgage.

WHEREFORE, THE FORGOING PREMISES CONSIDERED, the Debtor, HARVEY ARTIS, III, moves this Honorable Court for authorization to enter into a loan modification agreement on his home mortgage to modify his monthly mortgage payment which would incorporate all pre-petition and post-petition mortgage arrears.

/s/ G. John Dezenberg, Jr.
G. JOHN DEZENBERG, JR.
Attorney for Debtor
908-C North Memorial Parkway
Huntsville, Alabama 35801
Phone: (256) 533-5097

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 12, 2020, a copy of the foregoing has been served upon the following by depositing copies of same in the United States mail, properly addressed and postage prepaid, or if the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a Notice of Electronic Filing.

Hon. Diane Murray, Attorney for
Wells Fargo Bank, N.A.
Sirote & Permutt, P.C.
2311 Highland Ave. S.
PO Box 55887
Birmingham, AL 35255-5887

Hon. Michele T. Hatcher, Trustee
PO Box 2388
Decatur, AL 35602

Wells Fargo Bank, N.A.
Default Document Processing
MAC # N9286-01Y
1000 Blue Gentian Rd.
Eagan, MN 55121-7700

Sheri Jackson, Home Preservation Spec.
Wells Fargo Home Mortgage
MAC F2302-03J
1 Home Campus
Des Moines, IA 50328

And to all Creditors listed on the Debtors' Mailing Matrix as attached hereto.

/s/ G. John Dezenberg, Jr.
G. JOHN DEZENBERG, JR.

```
Label Matrix for local noticing          (p)JEFFERSON CAPITAL SYSTEMS LLC      OneMain
1126-8                                   PO BOX 7999                           OneMain
Case 17-81424-CRJ13                      SAINT CLOUD MN 56302-7999             P. O. Box 3251
NORTHERN DISTRICT OF ALABAMA                                                   Evansville, IN 47731-3251
Decatur
Fri Jun 12 09:59:52 CDT 2020

PRA  Receivables Management LLC          U. S. Bankruptcy Court                Capital One Bank USA NA
POB 41067                                400 Well Street                       PO Box 30281
Norfolk, VA 23541-1067                   P. O. Box 2775                        Salt Lake City, UT 84130-0281
                                         Decatur, AL 35602-2775


Chrysler Capital                         Felice Banks Artis                    GEM Credit / Zales
P.O. Box 961275                          129 Carillo Lane                      PO Box 740425
Fort Worth, TX 76161-0275                Toney, AL 35773-5729                  Cincinnati, OH 45274-0425


(p)MEDIACOM COMMUNICATIONS CORPORATION   OneMain Financial                     (p)PORTFOLIO RECOVERY ASSOCIATES LLC
ONE MEDIACOM WAY                         PO Box 3251                           PO BOX 41067
CHESTER NY 10918-4850                    Evansville, IN 47731-3251             NORFOLK VA 23541-1067


REGIONAL MANAGEMENT CORPORATION          Regional Management Corp.             T Mobile/T-Mobile USA Inc
979 BATESVILLE ROAD, SUITE B             700 Airport Rd., Ste E                by American InfoSource LP as agent
GREER, SC 29651-6819                     Huntsville, AL 35802-4360             4515 N Santa Fe Ave
                                                                               Oklahoma City, OK 73118-7901


Tower Loan of MS                         Wells Fargo Bank, N.A.                Wells Fargo Home Mortgage
P.O. Box 320001                          Default Document Processing           PO Box 10335
Flowood, MS 39232-0001                   Mac# N9286-01Y                        Des Moines, IA 50306-0335
                                         1000 Blue Gentian Road
                                         Eagan, MN 55121-7700


G. John Dezenberg Jr.                    Harvey Artis III                      Michele T. Hatcher
908-C N Memorial Parkway                 129 Carillo Lane                      Chapter 13 Trustee
Huntsville, AL 35801-5813                Toney, AL 35773-5729                  P.O. Box 2388
                                                                               Decatur, AL 35602-2388




               The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
               by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Jefferson Capital Systems LLC            (d)JEFFERSON CAPITAL SYSTEMS LLC      MediaCom
PO Box 7999                              PO Box 7999                           123 Ware Drive NE
St Cloud, MN 56302-9617                  St Cloud MN 56302                     Huntsville, AL 35811



Portfolio Recovery Associates, LLC       (d)Portfolio Recovery Associates, LLC
PO Box 41067                             POB 41067
Norfolk, VA 23541                        Norfolk VA 23541
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)WELLS FARGO BANK, N.A.

End of Label Matrix
Mailable recipients 20
Bypassed recipients 1
Total 21



This Document Prepared By:
PHETAMPHAY SAENBANDITH
WELLS FARGO BANK, N.A.
1 HOME CAMPUS
DES MOINES, IA 50328
(800) 416-1472

When Recorded Mail To:
FIRST AMERICAN TITLE CO.
FAMS – DTO RECORDING
3 FIRST AMERICAN WAY
SANTA ANA, CA 92707-9991

Source of Title: INSTRUMENT NO. 20070829000615170     DEED BOOK N/A, AT PAGE(S) N/A
Tax/Parcel #: 06-06-14-0-000-036.015

_____ |Space Above This Line for Recording Data| _____

| Original Principal Amount: $146,062.00 | Investor Loan No.: |
| Unpaid Principal Amount: $120,238.70 | Loan No: (scan barcode) |
| New Principal Amount: $89,217.68 | |
| Total Cap Amount: $0.00 | |

# HOME AFFORDABLE MODIFICATION AGREEMENT (MORTGAGE)

Executed on this day: APRIL 16, 2020
Borrower ("I")[1]: HARVEY ARTIS III AND FELICE E BANKS-ARTIS, HUSBAND AND WIFE

Borrower Mailing Address: 129 CARILLO LANE, TONEY, ALABAMA 35773
Lender or Servicer ("Lender"): WELLS FARGO BANK, N.A.
Lender or Servicer Address: 1 HOME CAMPUS, DES MOINES, IA 50328
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") DECEMBER 23, 2009 and the Note ("Note") date of DECEMBER 23, 2009 and Recorded on JANUARY 4, 2010 in INSTRUMENT NO. 20100104000000330, of the Official Records of MADISON COUNTY, ALABAMA

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Wells Fargo Custom FHA Home Affordable Modification Agreement
04212020_448

Page 1

Property Address ("Property"): **129 CARILLO LANE, TONEY, ALABAMA 35773**

Legal Description:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

This FHA Home Affordable Modification Agreement ("Agreement") is made on **APRIL 16, 2020** by and between Borrower, as obligor(s), or as title holder(s) to the Property, as the context may require, and Lender. Borrower's obligations under the Note are secured by a properly recorded Mortgage, dated the same date as the Note encumbering the Property. Borrower agrees that, except as expressly modified in this Agreement, the Note and the Mortgage remain in full force and effect and are valid, binding obligations upon Borrower, except as discharged in Bankruptcy, and are properly secured by the Property. Nothing in this Agreement shall be understood or construed to be a satisfaction or release, in whole or in part of the Borrower's obligations under the Loan Documents.

If my representations in Section 1, Borrower Representations, continue to be true in all material respects, then this Agreement will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in the Loan Documents.

1. **Borrower Representations.**

   I certify, represent to Lender and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the terms of the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future; I did not intentionally or purposefully default on the terms of the Loan Documents in order to obtain a loan modification;

   B. I certify the Property is not condemned and is not vacant without the intent to re-occupy;

   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents;

   D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the FHA Home Affordable Modification Program ("Program"));

   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and,

   G. If the borrower has filed for and received a discharge in a previous bankruptcy proceeding prior to

Case 17-81424-CRJ13   Doc 84   Filed 06/12/20   Entered 06/12/20 10:13:30   Desc Main
Document   Page 6 of 15

the execution of this Agreement and said debt was not reaffirmed during the course of that proceeding, Lender agrees that borrower will not have personal liability on the debt pursuant to this Agreement and may only enforce the lien as against the property.

H. Borrower filed for relief under Chapter 13 of the United States Bankruptcy Code on **MAY 8, 2017**.

I. This Agreement is only valid once consent of the United States Bankruptcy Court or other applicable approval to modify this mortgage is received.

J. Notwithstanding anything to the contrary contained in this Agreement, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. Borrower and Lender agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

K. Borrower desires to retain the Property securing the Note, and acknowledges that Lender's security interest and lien are still valid and enforceable.

L. Borrower acknowledges and understands that he/she is not obligated to enter into this Agreement, and that he/she is entering into this Agreement at Borrower's request, voluntarily and with no coercion or pressure from Lender, for the sole purpose of retaining the Property.

2. **Acknowledgements and Preconditions to Modification.**

I understand and acknowledge that:

A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B. I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

C. If included, the undersigned borrower(s) acknowledges receipt and acceptance of the Notice of Special Flood Hazard disclosure.

3. **The Modification.**

If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **JUNE 1, 2020** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make all required payments as a precondition to

Case 17-81424-CRJ13    Doc 84    Filed 06/12/20    Entered 06/12/20 10:13:30    Desc Main
Document    Page 7 of 15

this modification under a workout plan or trial period plan, the Lender has the right to reject this Agreement even if I have signed and returned this Agreement. The first modified payment will be due on **JUNE 1, 2020**.

A. The new Maturity Date will be: **MAY 1, 2050**.

B. The modified principal balance of the Note will include amounts and arrearages that will be past due as of the Modification Effective Date. This does not include unpaid late charges, valuation, property preservation and other charges not permitted under the terms of the FHA Home Affordable Modification Program. Permitted amounts and arrearages may include unpaid and deferred interest, fees, escrow advances and other costs less any amounts paid to the Lender but not previously credited to the Loan, collectively "Unpaid Amounts"; the portion of Unpaid Amounts capitalized is **$0.00**. The new principal balance of the Note will be **$89,217.68** (the "New Principal Balance") which includes the capitalized Unpaid Amounts. I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. With the modification you will have a total partial claim due of **$36,238.82**, which includes **$31,021.02** that has been reduced from the Unpaid Principal Balance to reach the New Principal Balance above. This Agreement is conditional on the proper execution and recording of this HUD Partial Claim.

D. Interest at the rate of **3.5000%** will begin to accrue on the Interest Bearing Principal Balance as of **MAY 1, 2020** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **JUNE 1, 2020**. Interest due on each monthly payment will be calculated by multiplying the New Principal/Interest Bearing Principal Balance and the interest rate in effect at the time of calculation and dividing the result by twelve (12). The payment schedule for the modified Loan is as follows:

| Months | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment | Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On |
|---|---|---|---|---|---|---|
| 360 | 3.5000% | 05/01/2020 | $400.63 | $246.77 | $647.40 | 06/01/2020 |

**\*After the modification is complete, escrow payments adjust at least annually in accordance with applicable law therefore, the total monthly payment may change accordingly.**

The above terms shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for the modified loan will be the minimum payment that will be due each month for the remaining term of the loan. The modified loan will not have a negative amortization feature that would allow me to pay less

Case 17-81424-CRJ13    Doc 84    Filed 06/12/20    Entered 06/12/20 10:13:30    Desc Main
Document    Page 8 of 15

than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

E. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

F. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth.

4. **Additional Agreements.**

I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Mortgage Assistance that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of the Loan.

D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund the escrow account.

E. **Funds for Escrow Items.** I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this section. I shall pay Lender the Funds for Escrow Items unless Lender waives the obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. The obligation to make such payments and to provide receipts shall for all

Case 17-81424-CRJ13   Doc 84   Filed 06/12/20   Entered 06/12/20 10:13:30   Desc Main
Document      Page 9 of 15

purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this section.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess Funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

F. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

G. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

H. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate

payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

I. That, as of the Modification Effective Date, I understand that the Lender may only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of the property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

J. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

K. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

L. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the FHA Home Affordable Modification Program.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the Trial Period Plan and this Agreement by Lender to (a) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (b) companies that perform support services for the FHA Home Affordable Modification Program; and (c) any HUD certified housing counselor.

N. I agree, that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this section shall be referred to as "Documents." I agree to deliver the Documents within fifteen (15) days after I

Case 17-81424-CRJ13    Doc 84    Filed 06/12/20    Entered 06/12/20 10:13:30    Desc Main
Document      Page 11 of 15

receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on the Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. CORRECTION AGREEMENT: The undersigned Borrower(s), for and in consideration of the approval, closing and funding of this modification, hereby grants Wells Fargo Home Mortgage, as lender, limited power of attorney to correct and/or initial all typographical or clerical errors discovered in the Agreement required to be signed. In the event this limited power of attorney is exercised, the undersigned will be notified and receive a copy of the document executed or initialed on their behalf. This provision may not be used to modify the interest rate, modify the term, modify the outstanding principal balance or modify the undersigned's monthly principal and interest payments as modified by this Agreement. Any of these specified changes must be executed directly by the undersigned. This limited power of attorney shall automatically terminate in 180 days from the closing date of the undersigned's modification, or the date any and all documents that the lender requires to be recorded have been successfully recorded at the appropriate office, whichever is later. Borrower agrees to make and execute such other documents or papers as necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to their heirs, executors, administrators, and assigns of the Borrower.

Q. Borrower must deliver to Wells Fargo Home Mortgage a properly signed Modification Agreement by **MAY 8, 2020**. If Borrower does not return a properly signed Modification Agreement by this date and make all payments pursuant to the trial plan agreement or any other required pre-modification payments, Wells Fargo Home Mortgage may deny or cancel the modification. If Borrower returns the properly signed Modification Agreement by said date, payments pursuant to the loan Modification Agreement are due as outlined in this Modification Agreement. Wells Fargo Home Mortgage may deny or cancel this loan Modification Agreement if Borrower fails to make the first payment due pursuant to this loan Modification Agreement.

**All Borrowers are required to sign and date this Agreement in blue or black ink only as the Borrowers' name appears below. If signed using any other color or method, the document may not be accepted and another copy of the Agreement may be sent to the Borrower to be signed.**

**By signing below, all Borrowers certify they have read this Agreement in its entirety, that all Borrowers know and understand the meaning and intent of this Agreement and that all Borrowers enter into this Agreement knowingly and voluntarily. By signing below, all Borrowers agree to all terms and conditions described on every page of this Agreement.**

In Witness Whereof, I have executed this Agreement.

_____ _05/21/2020_
Borrower: HARVEY ARTIS III                                Date

_____ _05/20/2020_
Borrower: FELICE E BANKS-ARTIS                            Date

_____ [Space Below This Line for Acknowledgments] _____

**BORROWER ACKNOWLEDGMENT**

The State of __AL__ )
__Madison__ County )

I, a Notary Public, hereby certify that **HARVEY ARTIS III; FELICE E BANKS-ARTIS** whose name is signed to the foregoing instrument or conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he/she/they executed the same voluntarily on the day the same bears date.

Given under my hand this __21__ day of __May__, 2020.

_____
Notary Public

Print Name: __Kendris O'Brian Reid__

My commission expires: __11-19-2023__


My Commission Expires
November 19, 2023

KENDRIS O'BRIAN REID
Notary Public
Alabama State at Large

My Commission Expires
November 19, 2023

Wells Fargo Custom FHA Home Affordable Modification Agreement
04212020_448

Page 9

In Witness Whereof, the Lender has executed this Agreement.

WELLS FARGO BANK, N.A.

By _____

**Teka Gurmessa**
Vice President Loan Documentation
(print name)
(title)

06/01/20
Date

[Space Below This Line for Acknowledgments]

**LENDER ACKNOWLEDGMENT**

STATE OF __MN__

COUNTY OF __Dakota__

This instrument was acknowledged before me __6/1/2020__ (date) by __Teka Gurmessa__ (name(s) of person(s)) as **Vice President Loan Documentation** (type of authority, e.g., officer, trustee, etc.) of WELLS FARGO BANK, N.A. (name of party on behalf of whom the instrument was executed).

_____
Notary Public

Printed Name: **Emily M. Olsson**

My Commission Expires:

__01/31/2024__

EMILY M. OLSSON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES
JANUARY 31, 2024

Wells Fargo Custom FHA Home Affordable Modification Agreement
04212020_448

Page 10

## EXHIBIT A

BORROWER(S): HARVEY ARTIS III AND FELICE E BANKS-ARTIS, HUSBAND AND WIFE

LOAN NUMBER: (scan barcode)

LEGAL DESCRIPTION:

The land referred to in this document is situated in the STATE OF ALABAMA, COUNTY OF MADISON, and described as follows:

LOT 14, ACCORDING TO THE PLAT OF SURVEY OF CARILLO BAY SUBDIVISION, AS RECORDED IN INSTRUMENT NUMBER 20050318000162170, IN THE OFFICE OF THE JUDGE OF PROBATE OF MADISON COUNTY, ALABAMA.

ALSO KNOWN AS: 129 CARILLO LANE, TONEY, ALABAMA 35773

Case 17-81424-CRJ13   Doc 84   Filed 06/12/20   Entered 06/12/20 10:13:30   Desc Main
Document       Page 15 of 15